# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:12cv05

| | |
|---|---|
| TERESA CAMPBELL, ) ) Plaintiff, ) ) vs. ) ) MICHAEL J. ASTRUE, ) Commissioner of Social Security, ) ) Defendant. ) ) | ORDER |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Reimbursement of Plaintiff's Filing Fee [Doc. 5].

In the motion, which is opposed by the Defendant, Plaintiff's counsel states that he advanced the filing fee to his client. [Id.]. On March 27, 2012, the Court granted the parties' consent motion to remand this case to the Commissioner pursuant to Sentence Six of 42 U.S.C. §405. [Doc. 4]. Counsel argues that the remand caused the Plaintiff to attain prevailing party status and, as a result, he seeks reimbursement of the filing fee pursuant to the Equal Access to Justice Act (EAJA).

> The EAJA provides that a court shall award fees and other expenses to a prevailing party, other than the United States, in

> any civil action brought by or against the United States, unless the court finds that the position of the United States was substantially justified or that special circumstances would make an award unjust. Eligibility for a fee [or costs] award in a civil action therefore requires that (1) the claimant be a prevailing party, (2) the government's position was not "substantially justified," and (3) no special circumstances make an award unjust. ... [However,] one does not earn "prevailing party" status by simply obtaining a remand for further proceedings before the agency from which he appealed.

Marshall v. Commissioner of Social Security, 444 F.3d 837, 840 (6th Cir. 2006) (quoting 28 U.S.C. §2412).

A Sentence Six remand actually preserves a claimant's right to file a fee and/or costs petition if he or she succeeds on remand. Id., at 841. Indeed, the district court retains jurisdiction over the action during the remand. Id.; Krishnan v. Barnhart, 328 F.3d 685, 691 (D.C. 2003). Nonetheless, a Sentence Six remand, "by itself, is not a sufficient basis for a litigant to claim prevailing party status." Marshall, 444 F.3d at 842. Counsel's request for reimbursement for the filing fee cost is therefore premature. Cummiskey v. Commissioner, Social Security Administration, 2012 WL 1431486 **5 (D.Md. 2012). "That is, at the appropriate time if [Campbell] ultimately prevails, [she] may file a bill of costs and an application for ... other expenses." Id.; Green v. Sullivan, 788 F.Supp. 275, 276 (W.D.Va. 1992).

2

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Reimbursement of Plaintiff's Filing Fee [Doc. 5] is hereby **DENIED** without prejudice to renewal.

Signed: May 4, 2012

Martin Reidinger
United States District Judge